Marci J. BITTNER, Appellant

v.

SNYDER COUNTY, PENNSYLVANIA;
Michael Sholley.

No. 09–1395.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) Sept. 16, 2009.

Filed: Sept. 23, 2009.

Jan S. Barnett, Esq., Donald L. Reihart, Esq., Law Offices of Donald L. Reihart, York, PA, for Appellant.

David L. Schwalm, Esq., Thomas, Thomas & Hafer, Harrisburg, PA, for Appellee.

Before: SLOVITER, FUENTES, and SMITH, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

Marci J. Bittner appeals from the order of the United States District Court for the Middle District of Pennsylvania granting the motion to dismiss filed by Snyder County and Michael Sholley, the District Attorney of Snyder County.[1] For the reasons set forth below, we will affirm.

In April of 2007, Patrolman Chad Thomas of the Middleburg Borough Police Department hand-delivered a subpoena to Bittner, commanding her to appear and testify beginning May 29, 2007, at the criminal trial of her ex-husband. Thereafter, Bittner contacted District Attorney Sholley's office to advise him of her need for transportation and child care. District Attorney Sholley's office informed her that transportation and child care would be provided. Transportation was not provided, however, and Bittner failed to appear as commanded by the subpoena. As a result, a bench warrant was issued for Bittner's arrest on May 29, 2007.

The following day, Patrolman Thomas arrested Bittner at her residence pursuant to the bench warrant, placed her in handcuffs, and transported her to the Snyder County Courthouse. After Bittner informed District Attorney Sholley that his staff had advised her that transportation would be provided, a petition was filed with the Prothonotary to withdraw the bench warrant. Within minutes, the Court of Common Pleas issued an order vacating the bench warrant. Bittner was transported to a relative's home twenty miles away, rather than being returned to her own home, which was eighty-seven miles from the courthouse.

Thereafter, Bittner filed a complaint in the United States District Court for the

1. The District Court exercised jurisdiction under 28 U.S.C. §§ 1331, and 1343. Appellate jurisdiction exists under 28 U.S.C. § 1291. We exercise plenary review over an order granting a motion to dismiss. In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Middle District of Pennsylvania against Snyder County and District Attorney Sholley in his official capacity. She alleged that Snyder County, acting through District Attorney Sholley, violated her Fourth, Fifth, and Fourteenth Amendment rights. She claimed that she had been deprived of the compensation a witness is entitled to under Pennsylvania law and that District Attorney Sholley breached his promise to provide her with transportation and child care in violation of her rights under the Fourth, Fifth and Fourteenth Amendments. Her Fourth Amendment rights were violated, according to Bittner, when she was arrested without probable cause and excessive force was used in handcuffing her. She also averred that the failure to provide her with a hearing both before the bench warrant was issued and following her arrest constituted a violation of her right to due process. In addition, she averred that District Attorney Sholley's failure to provide her with transportation and child care, as promised, constituted a violation of a special duty that was breached when she was not returned to her own home. Snyder County and District Attorney Sholley filed a 12(b)(6) motion to dismiss.

The District Court granted the motion to dismiss. It noted that Bittner had represented that her Complaint did not assert any state law claims, that she had not sued District Attorney Sholley in his individual capacity, and that she was asserting claims against him in only his official capacity. Nonetheless, the District Court analyzed Bittner's claims as if she had sued District Attorney Sholley in his individual capacity. Bittner's claims based on the events that occurred pre-arrest failed as a matter of law, according to the District Court, because Bittner had not alleged a constitutional violation. The claims arising from Bittner's arrest were dismissed because of District Attorney Sholley's absolute prosecutorial immunity. The District Court dismissed Bittner's claims based on the post-arrest conduct on the ground that District Attorney Sholley had qualified immunity.

The claims against the County alleged liability on the basis that the County, acting through District Attorney Sholley, either established and followed a policy or custom that deprived Bittner of her constitutional rights, or it failed to train and supervise its employees, thereby resulting in a violation of her constitutional rights. The Court explained that because the claims against Sholley could not be maintained, the claims against the County were also deficient.

Bittner filed a timely appeal. She reiterates that Sholley was sued solely in his official capacity as a policy maker for Snyder County and that the District Court erred by failing to properly evaluate her municipal liability claim. According to Bittner, the District Court "implicitly decided ... that the District Attorney was acting as an agent for the Commonwealth, pursuing his prosecutorial functions, and was therefore immune under the Eleventh Amendment."

█ We appreciate Bittner's argument. It does appear that the District Court failed to independently analyze her municipal liability claims. *See Carswell v. Borough of Homestead,* 381 F.3d 235, 244 (3d Cir.2004). The Supreme Court has explained that municipal liability under § 1983 may attach even though the individual may be protected by an immunity. *Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Collins v. City of Harker Heights,* 503 U.S. 115, 122, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). In this case, the claim against District Attorney Sholley in his official capacity is a claim against the municipal entity. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is well settled that before a municipality may be found liable under

§ 1983, there must be a constitutional violation. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The problem is that Bittner's complaint fails to allege that she was deprived of her constitutional rights.[2]

We agree with the District Court that Bittner's pre-arrest claims fail to allege a constitutional violation. Because Bittner was present in the courthouse pursuant to a bench warrant, and not in response to the subpoena, she had no right to receive witness compensation and mileage under Pennsylvania's statutory law. Accordingly, there is no ground for a due process claim based on a deprivation of property. Nor is there any constitutional right to transportation and the child care she was allegedly promised by the District Attorney's office.

■ The claims arising from Bittner's arrest also fail. "The simple fact of nonappearance provided the government with probable cause to apply for a bench warrant[.]" *In re Grand Jury Proceedings,* 658 F.2d 211, 214 (3d Cir.1981); *see also Luckes v. County of Hennepin, Minnesota,* 415 F.3d 936, 939 (8th Cir.2005).[3]

■ Bittner also claims that she was deprived of her due process rights because she was not afforded a hearing prior to the issuance of the bench warrant or following her arrest. Neither this court nor the Supreme Court has held that there is a right to be heard before the issuance of a warrant. With respect to her claim that she was deprived of her right to a hearing post-arrest, we fail to see a violation of that right inasmuch as the arrest warrant was vacated before a hearing could be conducted.

■ Finally, we agree with the District Court that Bittner's state created danger claim, which presumes there was a special duty to provide her with transportation to her home once she was arrested, fails as a matter of law. Her averments, even accepted as true, do not plausibly suggest the elements of a viable state created danger claim. *See Bright v. Westmoreland County,* 443 F.3d 276, 281 (3d Cir.2006). Accordingly, that claim does not survive the County's 12(b)(6) motion. *Iqbal,* 129 S.Ct. at 1949.

In sum, we will affirm the judgment of the District Court. A necessary predicate for a § 1983 municipal liability claim is a constitutional violation. The complaint, however, did not provide sufficient factual matter to establish a reasonable inference that Bittner's constitutional rights had been violated. Accordingly, her complaint was properly dismissed. *Id.*

■

---

2. We decline to address Bittner's contention that the District Court implicitly decided that her claims were barred by the Eleventh Amendment inasmuch as the District Court does not mention it. We may affirm, however, on any basis supported by the record. *Nicini v. Morra,* 212 F.3d 798, 805 (3d Cir. 2000) (en banc); *see also Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937) ("In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.").

3. In addition to alleging a violation of her Fourth Amendment right not to be arrested without probable cause, Bittner also alleged that she was subjected to excessive force in being handcuffed. On appeal, Bittner submits, not that excessive force was used, but that her rights were violated because she was handcuffed even though she was not a criminal defendant. Viewed in this light, her claim is simply another way of alleging that she was arrested without probable cause. That claim, however, fails as a matter of law since Patrolman Thomas properly arrested Bittner under the bench warrant.